24-3161

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**Roman Sterlingov**

*Appellant,*

*vs.*

**United States of America**

*Appellee.*

Appeal from the United States District Court
District of Columbia
Hon. Randolph D. Moss
U.S. District Court Case No. 1-21-cr-00399-RDM-1

# APPELLANT'S MOTION TO EXCEED THE WORD LIMIT UNDER LOCAL RULE 28(e)

**TOR EKELAND LAW PLLC**
Tor Ekeland
tor@torekeland.com
30 Wall Street, 8th Floor
New York, NY 10005
(718) 737-7264

*Counsel for Appellant Roman Sterlingov*

Under D.C. Circuit Rule 28(e), Appellant Roman Sterlingov respectfully moves this Court for leave to file an opening brief not to exceed 25,000 words, exceeding the default limit of 13,000 words by 12,000. Appellant's counsel has communicated with the Government regarding this request, and they told us that "the government takes no position on the requested enlargement of the word limit."[1]

**Background**

This appeal arises from a complex, high-profile prosecution in which Mr. Sterlingov was convicted, following trial, of multiple offenses related to his alleged operation of the Bitcoin mixer Bitcoin Fog. The trial involved novel and scientifically contested blockchain forensic techniques, proprietary investigative software, multiple days of *Daubert* hearings, substantial evidentiary disputes, and constitutional challenges regarding venue, confrontation rights, due process, and the Sixth and Eighth Amendments.

The opening brief, in substantial draft form, raises no fewer than fourteen distinct legal issues, including constitutional venue challenges to each count, challenges to the admissibility of expert testimony under *Daubert*,

---

[1] Appellant Counsel & Government Counsel, Emails regarding Appellant's Request for Government Consent to Request an Extension of the Word Count Limit (July 24, 2025) (on file with Appellant Counsel).

Confrontation Clause violations arising from the government's reliance on proprietary software, challenges to jury instructions, and claims of prejudicial evidentiary rulings.

**Grounds for Requesting Additional Words**

Appellant respectfully submits that the following circumstances warrant additional word allowance:

    a.    **Exceptional Complexity and Novelty**: This case presents issues of first impression regarding the government's use of proprietary blockchain surveillance software (Chainalysis Reactor), novel "IP address overlap" forensic techniques, and significant *Daubert* and constitutional challenges.

    b.    **Volume of Issues**: The current brief argues fourteen issues, including constitutional questions (venue, confrontation, due process), evidentiary challenges (*Daubert*, Rule 403), statutory interpretation issues (e.g., forfeiture statutes and the statute of limitations), and is over 30,000 words in length.

    c.    **Extensive Pretrial and Trial Record**: There were multiple days of pretrial *Daubert* hearings given the complexity of the digital forensic software central to the Government's case. The trial lasted four weeks and involved multiple expert witnesses, thousands of pages of exhibits, and

thousands of pages of transcripts. The combined pretrial and trial transcripts run over 7,000 pages. The brief must recount relevant factual context for each challenged issue. This increases the size and complexity of Appellant's Appendix.

      d.    **Public Interest and Precedential Impact**: This is the first appellate case in the D.C. Circuit involving the use of proprietary blockchain surveillance tools as the centerpiece of a criminal prosecution. There is an important question of constitutional law related to criminal venue in internet cases. The legal and scientific implications are substantial.

      e.    **Precedent for Extended Word Limits**: The Court has granted similar or greater word counts in comparably complex cases. *See e.g., United States v. Eshetu*, Case No. 15-3020 (Doc. No. 1632153) (D.C. Cir. Aug. 25, 2016) (allowing for a 24,000 word brief).

## Conclusion

In light of the complexity and importance of the issues raised, the number of distinct claims, and the voluminous pretrial and trial record, Appellant respectfully requests leave to file an Opening Brief not exceeding 25,000 words.

Dated: July 24, 2025
Brooklyn, NY

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
Tor Ekeland Law PLLC
30 Wall Street, 8th Floor
New York, NY 10005
tor@torekeland.com
(718) 737-7264

*Counsel for Appellant Roman Sterlingov*

# CERTIFICATE OF COMPLIANCE

Under Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A), as the motion was prepared using the size and style of type of 14-point Times New Roman and contains 510 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the privacy redaction requirement of Federal Rule of Appellate Procedure 25(a) because it contains no personal data identifiers.

Dated: July 24, 2025

                                        Respectfully submitted,
                                        */s/ Tor Ekeland*
                                            Tor Ekeland

# CERTIFICATE OF SERVICE

I certify that I electronically filed the above with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system on July 24, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF System.

Dated: July 24, 2025

                                          Respectfully submitted:

                                          <u>/s/ Tor Ekeland</u>
                                          Tor Ekeland Law, PLLC
                                          30 Wall Street
                                          8th Floor
                                          New York, NY 10005
                                          Tel: (718) 737-7264
                                          tor@torekeland.com

                                          *Counsel for Appellant Roman Sterlingov*