# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 24-3161

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ROMAN STERLINGOV,

*Defendant-Appellant.*

## UNITED STATES' MOTION FOR A 30-DAY EXTENSION OF TIME TO FILE ITS ANSWERING BRIEF

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and D.C. Cir. R. 28(e), the United States respectfully moves for a 30-day extension of time within which to file its answering brief, to and including February 13, 2026. The government's brief is currently due, on two extensions, on or before January 14, 2026. Counsel for Defendant-Appellant Roman Sterlingov consents to this proposed extension. The government requests that this Court grant the motion for the following reasons:

1. After an 18-day trial, Sterlingov was convicted of money-laundering conspiracy, in violation of 18 U.S.C. § 1956(h); money laundering, in violation of 18 U.S.C. § 1956(a)(3)(A); operating an unlicensed money-transmitting business, in violation of 18 U.S.C. § 1960(a); and money transmission without a license, in

1

violation of D.C. Code § 26-1023(c). The district court sentenced Sterlingov to 150 months of imprisonment.

2. Sterlingov timely appealed, and his opening brief was originally due on February 10, 2025. Sterlingov sought three extensions of that deadline, totaling 171 days, to and including July 31, 2025. On July 24, 2025, Sterlingov filed a motion for leave to file a 25,000-word brief. The Court suspended the briefing schedule and then issued a new briefing schedule that required Sterlingov to file an opening brief of no more than 20,000 words on September 15, 2025. Sterlingov lodged his opening brief on that date and filed a corrected brief two days later.

3. In his opening brief, Sterlingov raises 12 issues, arguing that the Court should reverse his convictions and vacate his judgment on the following grounds:

(i) venue was unconstitutional in the District of Columbia;

(ii) the district court erred in admitting expert testimony and evidence related to blockchain tracing;

(iii) the district court erred in admitting expert testimony and evidence related to IP address overlap;

(iv) the denial of access to the Chainanalysis Reactor Source Code and heuristics violated his Sixth Amendment Confrontation Clause rights and Fifth Amendment right to present a complete defense;

(v) the district court abused its discretion by admitting certain evidence concerning child pornography;

(vi) the government constructively amended the indictment by presenting evidence concerning child pornography;

(vii) the district court erred in giving a willful-blindness jury instruction;

(viii) insufficient evidence supported the verdict;

(ix) the district court erred in admitting the testimony of two government cooperating witnesses;

(x) the district court erred in admitting alleged co-conspirator statements;

(xi) the district court miscalculated the value of the laundered funds under Sentencing Guidelines § 2S1.1(a)(2); and

(xii) the charged crimes occurred outside the statute of limitations.

Sterlingov's opening brief contains 19,943 words, not including the 15-page glossary at the beginning of the brief, and Sterlingov's 17-volume appendix contains 7419 pages.

4. In the district court, this case was handled by the Criminal Division's Computer Crime and Intellectual Property Section and the U.S. Attorney's Office for the District of the District of Columbia. The Criminal Appellate Section of the Department of Justice took responsibility for the appeal, and the case was assigned to undersigned counsel. The government's brief was originally due on October 15,

2025, and on October 7, 2025, this Court granted the government's motion for a 61-day extension of that deadline, to and including December 15, 2025. The government subsequently sought a 30-day extension of that new deadline, to and including January 14, 2026, and the Court granted that extension on December 5, 2025.

5. Since the government's last extension request, undersigned counsel has been working diligently on this appeal, including by working on weekends and taking only minimal leave during the holiday season. As a result of those efforts counsel has made substantial progress on the government's brief. Undersigned counsel needs additional time to complete an initial draft of that brief, however, and once that draft is finished, counsel will need to revise the brief to ensure that it provides a comprehensive, well-organized, and succinct response to Sterlingov's claims. Undersigned counsel also anticipates needing additional time to facilitate multiple government components' review of the answering brief. Undersigned counsel believes that a 30-day extension of time, up to and including February 13, 2026, would allow her the time needed to complete and finalize a well-edited and well-researched brief that is helpful to the Court in addressing the numerous claims of error that Sterlingov has raised.

7. Counsel for Sterlingov has consented to the extension requested in this motion.

For these reasons, the government respectfully requests that this Court grant this motion for a 30-day extension of time, to and including February 13, 2026, to file the government's answering brief.

January 7, 2026

Respectfully submitted,

/s/ Jenny C. Ellickson
JENNY C. ELLICKSON
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., NW, Ste. 1264
Washington, DC 20530
(202) 305-1674
jenny.ellickson@usdoj.gov

# ADDENDUM

Certificate of Parties and Amici Curiae

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), the government identifies the following parties, intervenors, and *amici* in this Court:

**Plaintiff-Appellee:**
United States of America

**Defendant-Appellant:**
Roman Sterlingov

**Amicus Curiae in support of Defendant-Appellant:**
ChainArgos

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 799 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared on a proportionally spaced typeface using 14-point Times New Roman font.

3. This motion complies with the privacy redaction requirement of Fed. R. App. P. 25(a) because it contains no personal data identifiers.

/s/ Jenny C. Ellickson
JENNY C. ELLICKSON

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, I served the foregoing United States' Motion for a 30-Day Extension of Time to File Its Answering Brief on all litigants via the Court's ECF system. I certify that all participants in the case are registered ECF users and that service will be accomplished through the ECF system.

<u>/s/ Jenny C. Ellickson</u>
JENNY C. ELLICKSON