# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

No. 24-3161

UNITED STATES OF AMERICA,

           *Plaintiff-Appellee*,

v.

ROMAN STERLINGOV,

           *Defendant-Appellant.*

## UNITED STATES' MOTION TO EXCEED THE WORD LIMIT FOR ITS ANSWERING BRIEF

    Pursuant to D.C. Circuit Rules 27(g) and 28(e), the United States respectfully moves for leave to file an answering brief that exceeds the 13,000-word limitation set by Federal Rule of Appellate Procedure 32(a)(7)(B). The government's answering brief is due on Friday, February 13, 2026, and for the reasons set forth below, the government seeks authorization to file a brief containing no more than 23,000 words. Undersigned counsel asked counsel for defendant-appellant Roman Sterlingov whether counsel consents to this motion and, if not, whether counsel plans to file an opposition or some other form of response. Sterlingov's counsel responded, "We do not oppose."

    1.    After an 18-day trial, Sterlingov was convicted of money-laundering conspiracy, in violation of 18 U.S.C. § 1956(h); money laundering, in violation of

18 U.S.C. § 1956(a)(3)(A); operating an unlicensed money-transmitting business, in violation of 18 U.S.C. § 1960(a); and money transmission without a license, in violation of D.C. Code § 26-1023(c).  The district court sentenced Sterlingov to 150 months of imprisonment.

2. Sterlingov timely appealed, and on July 24, 2025, he filed a motion for leave to file a 25,000-word brief.  The government took no position on that motion.  The Court subsequently issued an order requiring Sterlingov to file an opening brief of no more than 20,000 words.  On September 17, 2025, Sterlingov filed a corrected brief containing 19,943 words, along with a 3063-word glossary.  The combined word count of Sterlingov's brief and glossary is 23,006 words.

3. In his opening brief, Sterlingov raised 12 issues, arguing that the Court should reverse his convictions and vacate his judgment on the following grounds:

(i) venue was unconstitutional in the District of Columbia;

(ii) the district court erred in admitting expert testimony and evidence related to blockchain tracing;

(iii) the district court erred in admitting expert testimony and evidence related to IP address overlap;

(iv) the denial of access to the Chainanalysis Reactor source code and heuristics violated his Sixth Amendment Confrontation Clause rights and Fifth Amendment right to present a complete defense;

(v) the district court abused its discretion by admitting certain evidence concerning child pornography;

(vi) the government constructively amended the indictment by presenting evidence concerning child pornography;

(vii) the district court erred in giving a willful-blindness jury instruction;

(viii) insufficient evidence supported the verdict;

(ix) the district court erred in admitting the testimony of two government cooperating witnesses;

(x) the district court erred in admitting alleged co-conspirator statements;

(xi) the district court miscalculated the value of the laundered funds under Sentencing Guidelines § 2S1.1(a)(2); and

(xii) the charged crimes occurred outside the statute of limitations.

In conjunction with that brief, Sterlingov filed a 17-volume appendix containing 7419 pages.

4. The 3063-word glossary accompanying Sterlingov's brief provides definitions for 56 terms, most of them multiple sentences long. *See* Br. xviii-xxxii. Some of the glossary's definitions also contain argument. *See, e.g.*, Br. xxi ("Chainalysis Reactor" definition) ("In this case, the Government's expert witnesses relied heavily on Reactor to support their conclusions, despite the software's lack of scientific transparency, known accuracy metrics, or general acceptance in the

3

relevant scientific community."); Br. xxvii ("IP address" definition) ("In this case, the Government relied on a novel, ad-hoc and untested 'IP address overlap' analysis to make implicit attributions o[f] internet accounts to Sterlingov, despite the inherent limitations and unreliability of such inferences without corroborating evidence.").

5.  Many of Sterlingov's claims are fact intensive and require the government to provide a thorough recitation of the trial evidence and the relevant district court proceedings. That recitation will include explanations, supported by record citations, of relevant terms addressed in Sterlingov's 3063-word glossary. For several of the issues listed above, the government also plans to explain why the alleged errors were harmless and thus would not warrant reversal even if Sterlingov prevailed on the merits.

6.  The government has significantly shortened its answering brief to make it as concise as possible, and those revisions have already required the government to cut factual and legal information that could be helpful to the Court. The government does not believe that it can shorten the brief further without removing material that will be of significant assistance to the Court in resolving the many issues on appeal.

7.  In accordance with D.C. Circuit Rule 28(a)(3), the government plans to provide a short glossary with its brief that defines abbreviations used in the brief.

The government's current draft glossary is 26 words long and contains six definitions.

For these reasons, the government respectfully requests leave to file an answering brief of no more than 23,000 words.

February 6, 2026

Respectfully submitted,

/s/ Jenny C. Ellickson
JENNY C. ELLICKSON
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., NW, Ste. 1264
Washington, DC 20530
(202) 305-1674
jenny.ellickson@usdoj.gov

# ADDENDUM

Certificate of Parties and Amici Curiae

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), the government identifies the following parties, intervenors, and *amici* in this Court:

**Plaintiff-Appellee:**
United States of America

**Defendant-Appellant:**
Roman Sterlingov

**Amicus Curiae in support of Defendant-Appellant:**
ChainArgos

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 797 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared on a proportionally spaced typeface using 14-point Times New Roman font.

3. This motion complies with the privacy redaction requirement of Fed. R. App. P. 25(a) because it contains no personal data identifiers.

                                          /s/ Jenny C. Ellickson
                                          JENNY C. ELLICKSON

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2026, I served the foregoing United States' Motion to Exceed the Word Limit For Its Answering Brief on all litigants via the Court's ECF system. I certify that all participants in the case are registered ECF users and that service will be accomplished through the ECF system.

/s/ Jenny C. Ellickson
JENNY C. ELLICKSON