**ORAL ARGUMENT NOT YET SCHEDULED**
**No. 24-3161**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROMAN STERLINGOV,

*Defendant-Appellant.*

Appeal from the U.S. District Court for the District of Columbia,
No. 1:21-cr-00399-RDM-1, Hon. Randolph D. Moss

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF APPELLEE & AFFIRMANCE FOR CHAINALYSIS INC.

KARL J. MIHM
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

AILEEN M. MCGRATH
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6153
AMcGrath@mofo.com

*Counsel for Proposed* Amicus Curiae

MARCH 16, 2026

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure and D.C. Circuit Rule 26.1, Chainalysis Inc. states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

Dated:  March 16, 2026                          /s/ Aileen M. McGrath

                                                Aileen M. McGrath

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

The parties, ruling, and related cases are as follows.  D.C. Cir. R. 28(a)(1).

Parties and *Amici Curiae*

All parties appearing before the district court and in this Court are listed in the appellee's brief.  ChainArgos PTE Ltd. is an *amicus curiae* on consent of both parties.  Chainalysis Inc. has sought leave to participate as *amicus curiae*, but the appellant has opposed.

Rulings Under Review

References to the rulings at issue appear in the appellee's brief.

Related Cases

References to any related cases appear in the appellee's brief.

Dated:  March 16, 2026                    /s/ Aileen M. McGrath
                                          Aileen M. McGrath

Chainalysis Inc. files this reply under Federal Rule of Appellate Procedure 27(a)(4) in support of its motion for leave to participate as an *amicus curiae* under Federal Rule of Appellate Procedure 29(a)(3).

## ARGUMENT

Defendant-Appellant Roman Sterlingov consented to the filing of an appellant-side *amicus* brief filed by ChainArgos, a self-described "blockchain intelligence firm." ChainArgos Amicus Br. 5-6. Sterlingov opposes Chainalysis's request to file an *amicus* brief supporting the Government, in which Chainalysis addresses the blockchain analysis software the Government used in this case. Opp'n 4. Sterlingov's opposition distorts the criteria for *amicus* participation and misrepresents the substance of Chainalysis's proposed brief. Chainalysis's motion for leave to file an *amicus* brief should be granted.

### A.    Chainalysis Meets All Criteria For *Amicus* Participation

Federal Rule of Appellate Procedure 29 broadly authorizes the filing of *amicus* briefs, either by consent of the parties or with leave of court. Fed. R. App. P. 29(2). D.C. Circuit Rule 29 likewise invites such briefs, requiring only that they avoid repeating the party's arguments and include a corporate disclosure statement. D.C. Cir. R. 29(a), (b).

Leave to file an *amicus* brief is thus freely granted, provided that the *amicus* "ha[s] a sufficient 'interest' in the case and that their brief is 'desirable' and discusses

matters . . . 'relevant to the disposition of the case.'" *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.); *accord N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175-76 (10th Cir. 2021); *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021); *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020). When those basic criteria are met, this Court and others regularly overrule objections to *amicus* participation. *See, e.g.*, *Berger v. Iron Workers Reinforced Rodmen, Loc. 201*, No. 95-7103, 1996 WL 135155, at *1 (D.C. Cir. Feb. 26, 1996); *City of Naples Airport Auth. v. FAA*, No. 03-1308, 2004 WL 1080160, at *1 (D.C. Cir. May 13, 2004); *Lefebure*, 15 F.4th at 676; *Smith v. Edwards*, 88 F.4th 1119, 1127 n.3 (5th Cir. 2023).

Chainalysis's proposed brief easily satisfies those criteria. It is undisputed that Chainalysis filed a corporate disclosure statement, consistent with the requirements of D.C. Circuit Rule 26.1. Chainalysis Amicus Br. i. And Chainalysis provides additional information that will be helpful to this Court, particularly with respect to the Court's understanding of the Chainalysis Reactor software relevant to this appeal. *See Prairie Rivers*, 976 F.3d at 763 (*amicus* brief particularly helpful when it offers "different analytical approach" or "convey[s] instruction on highly technical . . . subjects"). While the Government's brief describes blockchain tracing generally (Gov't Br. 37), Chainalysis's proposed brief expands on key concepts like

co-spend and peel-chaining (Chainalysis Amicus Br. 3-7), explaining how these "highly technical" features power the Reactor software (*Prairie Rivers*, 976 F.3d at 763). Chainalysis's brief also provides an analysis of the technology's admissibility under the *Daubert* standard, addressing numerous cases and academic articles that the Government does not discuss but are relevant to this appeal. *See* Chainalysis Amicus Br. 12-26. In these respects, there is nothing remarkable about the proposed Chainalysis brief: It addresses a topic central to the appeal and which the Government (as it must) also discusses. To the extent there is overlap with the Government's brief, that is "inevitable" in this context. *Prairie Rivers*, 976 F.3d at 764.

None of Sterlingov's opposition arguments shows that Chainalysis should be denied the opportunity to file an *amicus* brief. To start, Sterlingov accuses Chainalysis of "duplicat[ing]" the Government's brief, supposedly because Chainalysis echoes the Government's "core theme[]" that Reactor is reliable. Opp'n 17. But whether Reactor is reliable is *the* issue on appeal. It is hardly surprising that an *amicus* brief would focus on the issues in dispute; indeed, that is precisely what this Court's rules require. *See* D.C. Cir. R. 29(a) (*amicus* brief "*must* . . . focus on points . . . relevant to the issues before this court*" (emphasis added)).

Beyond that generalized criticism, Sterlingov offers no specifics on how Chainalysis's proposed brief duplicates the Government's. That is because

3

Chainalysis's *amicus* brief is no mere copy. The Government's brief provides a short background paragraph on blockchain tracing and related heuristics—the key technology in dispute. *See* Gov't Br. 37. Chainalysis's brief elaborates on that discussion by providing several pages of "highly technical" details (*Prairie Rivers*, 976 F.3d at 763) on blockchain tracing and the Reactor software (*see* Chainalysis Amicus Br. 3-7).

More significantly, Chainalysis's legal arguments differ in kind and substance from the Government's. *See Prairie Rivers*, 976 F.3d at 763 (*amicus* brief useful when it "offer[s] a different analytical approach to the legal issues before the court"). Chainalysis's proposed brief advances a detailed analysis of *Daubert* and source code access, citing nearly twenty cases—only three of which are mentioned in the Government's brief. *Compare* Chainalysis Amicus Br. v-vi, *with* Gov't Br. vii-xii. Chainalysis also addresses the academic literature considered in the *Daubert* proceedings below, discussing another five academic articles not cited by the Government. *Compare* Chainalysis Amicus Br. vi-vii, *with* Gov't Br. xiii. And its brief offers a point-by-point rebuttal of the Sterlingov-aligned *amicus* brief, which the Government's brief does not discuss. *See* Chainalysis Amicus Br. 23-26.

Neither of the cases Sterlingov cites shows that Chainalysis's motion should be denied. Opp'n 6 n.3 (citing *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003) (Posner, C.J., in chambers), and *Ryan v. CFTC*, 125 F.3d 1062 (7th

Cir. 1997) (Posner, C.J., in chambers)). Those cases evince a restrictive view of *amicus* participation that has been disclaimed by a variety of other decisions, including in opinions from then-Judge Alito. *See Neonatology Assocs.*, 293 F.3d at 131 (Alito, J.) (characterizing *Ryan* as part of the "small body of judicial opinions that look with disfavor on motions for leave to file amicus briefs"). Besides, those opinions involved amicus briefs that were truly duplicative and "merely announce[d] the 'vote' of the amici on the decision of the appeal" without adding anything new or unique. *Voices for Choices*, 339 F.3d at 545 (Posner, C.J., in chambers). And as even those opinions recognized, an *amicus* brief is ordinarily welcomed when the proposed *amicus* (1) "has a direct interest in another case that may be materially affected by a decision in this case," or (2) "has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.* Chainalysis checks both boxes. It expects its Reactor software will be used by the Government in future cases and thus has a direct interest in Reactor being found reliable under Rule 702. And it has a unique perspective as the developer of the software that can "convey[] instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges." *Prairie Rivers*, 976 F.3d at 763.

Sterlingov also tries and fails to impugn Chainalysis's motives. He says that Chainalysis should be disqualified as an *amicus* because it has a "financial interest"

5

in this case, which involves its "flagship" product. Opp'n 12-13. But "[t]he argument that an *amicus* cannot be a person who has 'a pecuniary interest in the outcome' . . . flies in the face of current appellate practice." *Neonatology Assocs.*, 293 F.3d at 131 (Alito, J.). "A quick look at Supreme Court opinions discloses that corporations, unions, trade and professional associations, and other parties with 'pecuniary' interests appear regularly as amici." *Id.* Indeed, "[i]t is customary for those whose rights depend on the outcome of cases to file briefs amicus curiae, in order to protect their own interests"—just as Chainalysis seeks to do here. *United States v. Barnett*, 376 U.S. 681, 738 (1964) (alterations and internal quotation marks omitted).

Nor does it matter that, according to Sterlingov, Chainalysis "effectively" participated at trial because one of its subsidiary's employees (Elizabeth Bisbee) served as an expert witness for the Government. Opp'n 12. There is no rule barring affiliates of trial witnesses from participating as *amici*, which is why Sterlingov cites no cases supporting his argument. To the contrary, Chainalysis's relationship with Bisbee—which it disclosed in its brief—is a reason that its *amicus* guidance is likely to be particularly helpful to the Court. Chainalysis Amicus Br. 1. In any event, the reason Chainalysis was represented by "counsel" below is that Sterlingov repeatedly subpoenaed it in an attempt to access its proprietary source code. Opp'n 5.

Sterlingov also repeatedly attacks Chainalysis's brief as a "thinly veiled attempt to amend the district court record."  Opp'n 11-12.  Despite the charged rhetoric, Sterlingov's complaint is a minor one:  that Chainalysis's brief cites a single academic article about its tracing technology that was released after Sterlingov's trial.  Chainalysis Amicus Br. 15, 19-20.  The Government also cited this article in its brief, apparently likewise intending to update this Court on recent relevant developments.    Gov't Br. 47 n.6.    Chainalysis merely elaborated on the Government's reference, as it is permitted to do.  *See* D.C. Cir. R. 29(a).  Besides, this article is not the focus of Chainalysis's arguments—it is described as an aside and to provide additional context for the arguments in Chainalysis's brief.  *See* Chainalysis Amicus Br. 15, 19-20.

Finally, Sterlingov reiterates his argument that Chainalysis Reactor is not reliable.  *E.g.*, Opp'n 4, 7-11, 13-15.  But those arguments merely rehash his merits position on the *Daubert* issue.  Sterlingov may disagree with Chainalysis's brief, but that is no reason to exclude it.  *See, e.g.*, ChainArgos Amicus Br. 3 (Government consenting to *amicus* brief supporting Sterlingov).

**B.    Chainalysis Followed The Deputy Clerk's Filing Instructions**

Sterlingov also contends that Chainalysis disregarded this Court's procedure for filing *amicus* briefs.  He claims that Chainalysis improperly docketed its *amicus*

7

brief as a separate filing to make it "appear[]" that Chainalysis had received permission to file, supposedly so Chainalysis could "market" its brief. Opp'n 18.

Sterlingov is incorrect. As an initial matter, Chainalysis did file its *amicus* brief as a combined document with its motion for leave. *See* McGrath Decl. ¶ 2; Doc. 2160987. Subsequently, the Clerk of Court contacted Chainalysis by email and instructed it to re-file the proposed *amicus* brief as "its own docket entry." McGrath Decl. ¶ 3. Chainalysis complied with those requirements. *See* Doc. 2161032.

## CONCLUSION

Chainalysis respectfully requests that the Court grant leave to file its brief as *amicus curiae* in support of appellee and affirmance.

Dated: March 16, 2026                          Respectfully submitted,

                                               /s/ Aileen M. McGrath

KARL J. MIHM                                   AILEEN M. MCGRATH
MORRISON & FOERSTER LLP                        MORRISON & FOERSTER LLP
250 West 55th Street                           425 Market Street
New York, NY 10019                             San Francisco, CA 94105
                                               (415) 268-6153
                                               AMcGrath@mofo.com

*Counsel for Proposed* Amicus Curiae

**ORAL ARGUMENT NOT YET SCHEDULED**
No. 24-3161

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROMAN STERLINGOV,

*Defendant-Appellant.*

Appeal from the U.S. District Court for the District of Columbia,
No. 1:21-cr-00399-RDM-1, Hon. Randolph D. Moss

**DECLARATION OF AILEEN M. MCGRATH IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF APPELLEE & AFFIRMANCE FOR CHAINALYSIS INC.**

I, Aileen M. McGrath, declare under penalty of perjury under 28 U.S.C. § 1746:

1.      I am an attorney licensed in the State of California, and I am admitted to practice before this Court.  I am a partner with the law firm of Morrison & Foerster LLP and counsel of record for proposed *amicus curiae* Chainalysis Inc. in this

appeal.  I make this declaration in support of Chainalysis's motion for leave to file a brief as *amicus curiae*.

2.    On February 25, 2026, I instructed a paralegal at my firm to file Chainalysis's *amicus* brief as a combined document with its motion for leave to file a brief as *amicus curiae*.

3.    After the brief was filed, I received an email on February 25, 2026, from a Deputy Clerk for the U.S. Court of Appeals for the D.C. Circuit.  The email stated: "The brief for this case was incorrectly filed with the motion.  The brief needs to be its own docket entry.  Please file your brief on the docket immediately.  Thank you."

4.    I then directed a paralegal at my firm to re-file Chainalysis's *amicus* brief as its own docket entry, as instructed by the Deputy Clerk.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of March 2026.

/s/ Aileen M. McGrath
Aileen M. McGrath

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume, typeface, and type style requirements of the Federal Rules of Appellate Procedure and D.C. Circuit Rules because it has been prepared using a proportionally spaced typeface, including serifs, in 14-point Times New Roman font using Microsoft Word and includes 1,729 words, excluding the parts exempted by the Rules.

Dated:  March 16, 2026                    /s/ Aileen M. McGrath
                                          Aileen M. McGrath

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system on March 16, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  March 16, 2026                           /s/ Aileen M. McGrath
                                                 Aileen M. McGrath

MF-367626842